CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 1 3 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

TRAYE CRAWLEY,
                *Plaintiff*,

v.

JEFFREY SHUREN
                *Defendant*.

CASE NO. 6:13-cv-00025

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

## I. BACKGROUND

Plaintiff Traye Crawley ("Plaintiff") filed this action against Jeffrey Shuren, the Director of the United States Food and Drug Administration's Center for Devices and Radiological Health. Plaintiff alleges that the FDA improperly approved certain condom brands whose advertisements do not adequately identify risks related to sexually transmitted diseases and pregnancy. Plaintiff asks the Court to order the FDA to "unapprove" the condom brands mentioned in the Complaint, recall all advertisements related to the brands, and to re-approve the condoms in accordance with FDA regulations. The United States has filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, I will grant the motion and dismiss Plaintiff's Complaint without prejudice.

## II. LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). As a general matter, the plaintiff has the burden of demonstrating that subject-matter jurisdiction properly lies in federal court. *See Evans v. B.F. Perkins Co., a Division of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant

challenges subject-matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "[I]f the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law," the Rule 12(b)(1) motion should be granted. *Richmond*, 945 F.2d at 768. Thus, even though the motion is not converted into one for summary judgment, it is effectively the summary judgment standard that applies. Accordingly, reasonable inferences should be drawn in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

The United States argues the Court lacks jurisdiction over this matter because the Plaintiff lacks standing. Standing doctrine is grounded in the case-or-controversy requirement of Article III of the Constitution. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). To satisfy Article III's requirements:

> a plaintiff must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 180–81 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

I find that Plaintiff has failed to establish the first element of standing—that he has suffered an injury in fact. For Plaintiff to have standing, he himself must have suffered an injury, which must be more than "conjectural or hypothetical." *Friends of the Earth*, 528 U.S. at 180; *see also Lujan*, 504 U.S. at 563 ("[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured"); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Although Plaintiff states in the Complaint that certain condom advertisements lack warnings regarding the risk of pregnancy and sexually transmitted diseases, he does not allege that he has contracted a disease or suffered from any other type of injury or harm.[1] Accordingly, I find that Plaintiff lacks standing to bring this case because he has failed to allege that he suffered any injury. Because Plaintiff lacks standing, this Court lacks jurisdiction to hear the suit, and it shall be dismissed.[2]

## IV. CONCLUSION

For the foregoing reasons, I will grant defendant's motion to dismiss. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

---

[1] Plaintiff even stated in his response to Defendant's motion that he filed his Complaint "for the safety of others."

[2] Since Plaintiff has sued an official of a federal agency in his official capacity, his suit is one against the United States, and the Court lacks jurisdiction over such suits unless the United States has waived its sovereign immunity. *See generally F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). Plaintiff has not identified, and there does not appear to exist, any sovereign immunity waiver applicable here. Thus, the Court lacks subject matter jurisdiction for this reason as well.

Entered this 13th day of August, 2013.

                                       NORMAN K. MOON
                                       UNITED STATES DISTRICT JUDGE